Order affirmed, without costs, in a memorandum. The tidal court had jurisdiction to entertain and grant appellant’s application for an order directing the city to furnish her as a poor person with a copy of the trial minutes, although on her prior application to the Appellate Division to ‘ ‘ proceed as a poor person” (CPLR 1101 [a]) that court had limited the scope of its decision so as not to include a free copy of the minutes. This question was not before the Appellate Division in the first instance on the application under CPLR 1101 (a). The order to furnish the minutes must be made on application in the first instance to “ the court before whom the action was tried” (CPLR 1102 [b]) and it involved notice to the public officer who is not an interested party in the motion to proceed as a poor person and who was not before the Appellate Division on that prior application. Thus, the trial court had the power to grant or deny the application to furnish the minutes. The Appellate Division, however, has plenary appellate jurisdiction to review the exercise of discretion in deciding the application and, since its reversal is on the facts and discretion as well as on the law, we are required to affirm.
Concur: Chief Judge Desmond and Judge's Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan.